### Ex parte ALBERT STANBROUGH.

No. A-4895.    Opinion Filed Oct. 24, 1923.

(219 Pac. 163.)
(Syllabus.)

**Habeas Corpus—Person Convicted under Unconstitutional Law Discharged.** A person who has been convicted of violating an unconstitutional law will be discharged on habeas corpus.

Habeas corpus by Albert Stanbrough for discharge from the penitentiary. Writ allowed, and petitioner discharged.

BESSEY, J. This is a petition for writ of habeas corpus for the discharge of Albert Stanbrough from the penitentiary at McAlester, wherein it is alleged that he is unlawfully and illegally restrained of his liberty by J. H. Townsend, warden of said penitentiary; that the cause of said restraint is a commitment issued by the district court of Payne county, by C. C. Smith, judge of said court, on the charge that he did have in his possession a distillery for the unlawful manufacture of spirituous liquors for beverage purposes, to wit, for the manufacture of whisky. That said

judgment was rendered on the 29th day of June, 1923, wherein he was sentenced to be confined in the penitentiary at McAlester, for a term of one year, and to pay a fine of $100 and costs. The said petition alleges that said restraint is unauthorized, because the act approved February 5, 1923, chapter 1, Sess. Laws 1923, making it a felony to possess a still worm, or still or substitute therefor, such as a kettle, boiler, metal tank, or other vessel for the purpose of using, or which after being set up may be used for the production of distilled spirits, has been held by this court to be unconstitutional, as set out in the decision of this court in the case of Ex parte Smith, 24 Okla. Cr. 415, 218 Pac. 708.

In the case of Ex parte Smith, supra, the statute upon which this prosecution was based was held unconstitutional and void, and it follows that this petitioner is unlawfully imprisoned and restrained of his liberty, and that he is entitled to be discharged from the imprisonment of which he complains, and he is therefore by the judgment of this court discharged therefrom.

MATSON, P. J., and DOYLE, J., concur.